UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

GEORGE W. CONWAY
and ELLEN CONWAY,

        Debtors.

Case Number: 24-10126-7

---

BRIAN A. HART, Chapter 7 Trustee,

        Plaintiff,

v.

GREENWICH BUSINESS CAPITAL, LLC,

        Defendant.

Adversary Number: 24-00034

---

**<u>DECISION ON DEFENDANT'S MOTION TO ABSTAIN</u>**

Plaintiff Brian Hart ("Plaintiff") is the Trustee of George and Ellen Conway's ("George," "Ellen," and together, the "Debtors") Chapter 7 bankruptcy estate. He seeks a determination of the validity of Defendant Greenwich Business Capital, LLC's ("Defendant") asserted lien in the Debtors' bankruptcy case. Second, Plaintiff seeks an injunction prohibiting Defendant from continuing litigation against the Debtors or the sale proceeds in other venues. In response, Defendant has moved for this Court to abstain from the proceedings, or to dismiss the case.

**FACTS**

*Background*

Defendant loaned money to George's entity, Muldoon Dairy, Inc., in 2021.[1] Defendant later sued George and Muldoon Dairy in Kent County, Rhode Island. It obtained a default judgment on July 24, 2023, in the amount of $248,272.77 (the "Judgment"). Ellen was not listed in the Judgment.

On August 8, Defendant filed a UCC Financing Statement, along with a copy of the Judgment, with the office of the Dane County Register of Deeds. On September 5, Ellen conveyed her interest in real property located at 2201 Mica Road, Madison, Dane County, Wisconsin (the "Property") to a third-party purchaser. A correction was filed on September 8 to include the conveyance of any interest held by George in the Property.

Title insurance was a component of the sale of the Property. Defendant's UCC Financing Statement created a potential cloud on title and risk for the closing. The Debtors entered into a Secured Indemnity Agreement with the title insurer for the sale, Commonwealth Land Title Insurance Company ("Commonwealth"). Under the Agreement, the Debtors placed $227,385.17 of the proceeds from the sale into an account held by Commonwealth. The Agreement gives the Debtors the right to receive the proceeds upon a judicial determination that the UCC Financing Statement is not a valid lien on the Property.

---

[1] *See Greenwich Business Capital, LLC v. Conway*, Adv. Proc. No. 24-25, Pretrial Statement of the Case, ECF No. 9.

On November 17, Defendant docketed the Judgment in Dane County Circuit Court, Case No. 2023FJ39 (the "Judgment Lien" case). Defendant also filed a non-earnings garnishment proceeding in that case against Commonwealth seeking a turnover of the sale proceeds.

Defendant then sued the parties involved in the sale of the Property, including the Debtors, the purchaser of the Property, and Commonwealth, among others, in Dane County Circuit Court, Case No. 23CV3203 (the "Wisconsin Action"). In the Wisconsin Action, Defendant seeks a declaratory judgment that it is entitled to the sale proceeds.

The Debtors filed their voluntary Chapter 7 petition on January 24, 2024. The same day, the Debtors filed notices of their bankruptcy in the Wisconsin Action and the Judgment Lien case. On January 26, Defendant objected to Commonwealth's answer in the Judgment Lien case. Defendant moved for leave to pursue discovery from all non-debtor defendants, including Commonwealth, concerning the Judgment and the sale proceeds.

Another civil action was filed in Kent County Superior Court, Rhode Island, Case No. KC-2024-0159 against Commonwealth (the "Rhode Island Action"). In the Rhode Island Action, Defendant claims the Wisconsin UCC Financing Statement gives it the right to the sale proceeds.

Finally, Defendant also filed an adversary proceeding against the Debtors seeking nondischargeability of its claim, Adv. Proc. No. 24-25 (the "Nondischargeability Action"). In the Nondischargeability Action, Defendant claims that the Debtors committed fraud in obtaining the loan from Defendant,

3

and that Debtors' transfer of the proceeds to Commonwealth was fraudulent. It also infers the Court must determine it is entitled to those funds.

*The Arguments of the Parties*

Plaintiff filed this adversary proceeding on June 18. Plaintiff is seeking to determine the validity of Defendant's asserted lien in the Debtors' bankruptcy case. Second, Plaintiff seeks an injunction prohibiting Defendant from continuing litigation against the Debtors or the sale proceeds in other venues.

In response, Defendant moves to abstain or to dismiss the case. Defendant argues the Court must abstain from hearing Plaintiff's claims because the various state court proceedings that Defendant has initiated will timely resolve all the parties' disputed rights and interests. Alternatively, Defendant believes the Court should discretionarily abstain because it is in the interests of justice, comity with state courts, and respect for state laws to do so.

## DISCUSSION

1. *The Court is Not Required to Abstain.*

Section 1334(c)(2) of Title 28 contains the rule for mandatory abstention. It has been distilled by courts into five elements:

- a party to the proceeding timely moves to abstain;
- the proceeding is based on a state-law claim or state-law cause of action;
- the proceeding is a non-core but "related to" proceeding;

- the action could not have been commenced in federal court absent jurisdiction under 28 U.S.C. § 1334; and
- an action has been commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*Laddusire v. Auto-Owners Ins. Co. (In re Laddusire),* 541 B.R. 697 (Bankr. W.D. Wis. 2015) (citing *Stoe v. Flaherty,* 436 F.3d 209, 213 (3d Cir. 2006); *Taub v. Taub (In re Taub),* 413 B.R. 69, 75 (Bankr. E.D.N.Y. 2009)). If these requirements are not all met, the court is not required to abstain.

Defendant's motion for mandatory abstention fails on at least two grounds. First, mandatory abstention requires that the proceeding be a "related to," non-core proceeding. But Plaintiff's action requests that the Court determine the validity and extent of Defendant's asserted lien in the property. That is explicitly a core proceeding under 28 U.S.C. § 157(b)(2)(K) ("Core proceedings include . . . determinations of the validity, extent, or priority of liens."). This ground alone precludes Defendant's request for mandatory abstention.

Additionally, the Court is not convinced that the fifth element of section 1334(c)(2) is met. Defendant suggests the Court must abstain when it finds that state court proceedings will be timely adjudicated. Defendant fails to expand on why the Court must make that finding here. It presents no facts supporting the suggestion that either the Wisconsin or Rhode Island court can timely or properly adjudicate the validity of a purported lien on property of the estate. Nor does it provide any support for an argument this Court is not the

5

sole proper court to determine what is property of the bankruptcy estate, the validity of asserted liens, and the secured status of a creditor asserting such rights. Those are core proceedings.

The record points to the contrary. In the Wisconsin Action, for example, Defendant is in a discovery fight with Land Title Services, Inc., which recently moved to quash Defendant's discovery requests and asks for a protective order. *See* ECF No. 14, Declaration of Atty. Alexander Ullenberg, Exhibits D-3, D-4. Moreover, in the Rhode Island Action, Commonwealth filed an answer on April 8, which was the last activity in the case. *See* Kent County Superior Court, Case No. KC-2025-0159. The chance that either of these state court actions will be timely adjudicated is far from certain. Finally, the core issue in these actions relates to or derives from entitlement to the proceeds of a sale in Wisconsin of property of the estate and the secured status of Defendant.

2. *Discretionary Abstention is Not in the Best Interest of Justice, or in the Interest of Comity with State Courts or Respect for State Law.*

Even if a court is not required to abstain, it may still choose to do so. Section 1334(c)(1) provides that the court may abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law . . . from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

To determine whether permissive abstention is appropriate, courts have considered a range of factors, including:

1) the effect or lack thereof on the efficient administration of the estate;

6

2) the extent to which state law issues predominate over bankruptcy issues if the court recommends abstention;

3) the difficult or unsettled nature of applicable law;

4) the presence of related proceedings commenced in state court or other non-bankruptcy proceedings;

5) any jurisdictional bases, other than 28 U.S.C. § 1334;

6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7) the substance rather than the form of an asserted core proceeding;

8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9) the burden of the bankruptcy court's docket;

10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11) the existence of a right to a jury trial;

12) the presence in the proceeding of non-debtor parties;

13) comity; and

14) the possibility of prejudice to other parties in the action.

*Laddusire*, 541 B.R. at 704 (citing *Archer v. Nissan Motor Acceptance Corp.*, 324 F. Supp. 2d 805, 809 (S.D. Miss. 2004)).

This list of factors guides the Court's determination. These considerations should be applied flexibly to the particular facts of each case. *In re Chicago, M. & St. P. & Pac. R.R.*, 6 F.3d 1184, 1189 (7th Cir. 1993) (citing *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483 (1940)). "[F]ederal

courts generally should exercise their jurisdiction if properly conferred and that abstention is the exception rather than the rule." *Chicago, M. & St. P. & Pac. R.R.*, 6 F.3d at 1189.

Defendant argues that the eighth factor supports abstention. It believes that the Court's determination of the Trustee's claims will be a "piece-meal" resolution of one issue in bankruptcy court. It asserts a decision will not be binding on other parties in the state court actions and leave the related claims open in state court proceedings.

This argument is not persuasive. The state court actions may affect property of the estate over which this Court maintains exclusive jurisdiction. *See* 28 U.S.C. § 1334(e); 11 U.S.C. § 541(a)(1). As the Court explains in its Decision on the Trustee's Motion for Preliminary Injunction, ECF No. 24, the sale proceeds Defendant is seeking in the Wisconsin Action and the Rhode Island Action are property of the estate.

Defendant asks Rhode Island to decide that the filing of a UCC Financing Statement was a proper and sufficient method of creating or perfecting its judgment lien in Wisconsin. That would require Rhode Island to apply Wisconsin law. It asks Wisconsin to consider the Judgment enforceable based on the Rhode Island judgment. Among the various theories for this is an equitable lien theory from that state.

Effectively, Defendant is asking both state courts to determine the validity of the asserted lien. A decision by this Court on the validity of the asserted lien of Defendant is core and must be decided in this Court. Any

8

concern over the "piece-meal" resolution of Defendant's asserted state law issues is overridden by this Court's authority to preserve its jurisdiction over property of the estate. Additionally, a decision by this Court will avoid piece-meal litigation and potentially conflicting decisions.

Next, Defendant argues that its lien issue is entirely based on Wisconsin and Rhode Island law and that this strongly favors abstention. Defendant implies that it may have an equitable constructive lien under Rhode Island law, the UCC Financing Statement could be enforceable in equity under Wisconsin law, or that the Judgment may have attached to the sale proceeds upon docketing the Judgment.

While Defendant is correct that property rights are determined by state law, this Court is empowered to decide the issue. Determinations of the validity and extent of liens fit squarely within a bankruptcy court's authority as a core issue. *See* 28 U.S.C. § 157(b)(2)(K). When the bankruptcy court hears a matter that has its source in state law, state law is applied. *Butner v. United States*, 440 U.S. 48, 55 (1979). It is not correct that only a state law court has jurisdiction to apply state law. Bankruptcy courts routinely apply state law or any other relevant authority in making determinations of what is estate property and whether a lien is valid. *In re N.S. Garrott & Sons,* 772 F.2d 462, 465–66 (8th Cir. 1985), *reh'g denied.*

Plaintiff is the Trustee in the Debtors' bankruptcy case. This is the proper forum for deciding what is property of the estate, the validity of any asserted lien, and the distribution of property of the estate. It is not forum-

9

shopping. The Debtors filed bankruptcy, conferring this Court with broad jurisdiction over property of the estate. Neither a Wisconsin nor Rhode Island state court is a proper forum to answer those issues.

## CONCLUSION

The Court is not required to abstain from these proceedings under 28 U.S.C. § 1334(c)(2). Permissive abstention is also not in the best interests of justice, comity, or respect for state law. The issues raised in Plaintiff's complaint directly affect property of the estate, and this Court is empowered to determine those issues regardless of whether they're controlled by state law. Defendant's motion is therefore denied.

This decision shall constitute findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: July 19, 2024

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge

10